William S. Klein (State Bar No. 121792)
Allonn E. Levy (State Bar No. 187251)
Dori L. Yob (State Bar No. 227364)
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (408) 286-9800
Facsimile:    (408) 998-4790

Attorneys for Plaintiff
TIMOTHY GENS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TIMOTHY GENS,<br><br>        Plaintiff,<br><br>  v.<br><br>GARY FERRELL,<br><br>        Defendant.<br> | CASE NO.  3:05-cv-02183-EMC<br><br>**PLAINTIFF TIMOTHY GENS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS INCURRED TO BRING A MOTION TO REMAND [28 USC SECTION 1447(c)]**<br><br>Date:     August 3, 2005<br>Time:    10:30 a.m.<br>Judge:   Honorable Edward M. Chen |
| GARY FERRELL,<br><br>        Cross-Complainant,<br><br>  v.<br><br>TIMOTHY GENS,<br><br>        Cross-Defendant. | |

PLEASE TAKE NOTICE that on August 3, 2005 at 10:30 a.m. or as soon thereafter as the matter may be heard in Courtroom C, of the above-entitled Court located at 450 Golden Gate Avenue, 15 Floor, San Francisco California, 94102, Gens will and hereby does move this Court

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

430555.1
PLAINTIFF TIMOTHY GENS' NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 28 USC SECTION 1447(C)

for an order awarding attorneys' fees and costs in favor of Gens in the amount of at least $11,452.50, pursuant to 28 U.S.C. section 1447(c) and Civil L.R. 7-8. This motion is made on the grounds that Ferrell's removal was both procedurally and substantively improper and forced Gens to incur the time and expense associated with bringing a motion to remand.

This motion will be based on this notice of motion and motion, the accompanying memorandum of points and authorities, the declaration of Allonn E. Levy, the underlying motion to remand filed concurrently herewith, the papers and record on file herein and on such further evidence and arguments that may be presented when the motions are heard.

Dated: June 16, 2005

Hopkins & Carley
A Law Corporation

By: _____
Allonn E. Levy
Attorneys for Plaintiff
TIMOTHY GENS

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Timothy Gens (hereinafter "Gens") submits the following arguments and authorities in support of his motion to for attorneys' fees pursuant to 28 U.S.C.A section 1447(c) and Civil L.R. 7-8.

### I.

### INTRODUCTION

Defendant Gary Ferrell's[1] untimely and improvident removal of this action is the latest in a long series of tactics directed at causing delay and needless expense to Mr. Gens. Having already suffered the prejudice of losing his trial date and suffering additional delays relating to scheduled motions and discovery, Gens should not also be burdened with the extensive costs associated with bringing the motion to remand.

Gens sought to avoid filing the motion to remand by writing Ferrell a letter, complete with extensive authorities, in support of Gens' position that the removal was defective. Gens

---

[1] Defendant Gary Ferrell will be hereinafter referred to as "Ferrell."

430555.1                                        - 2 -
PLAINTIFF TIMOTHY GENS' NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 28 USC SECTION 1447(C)

suggested that Ferrell stipulate to remand the case back to state court, reminding Ferrell that a party who improperly removes a case to federal court may be required to pay the opposing party's attorneys' fees and costs. Ferrell chose not to seize upon Gens' offer and instead responded with a letter filled with the same inapplicable authority that was cited in Ferrell's removal papers. Ferrell's actions left Gens with no choice but to file a motion to remand and to incur the cost, expense, and delay attendant thereto. Having engineered the need for such a motion, it is Ferrell, not Gens, who should be burdened with the resulting expenses.

## II.

## FACTUAL BACKGROUND

To prevent repetition, Gens refers the court to the factual background set forth in Gens' memorandum of points and authorities in support of his motion to remand, filed concurrently herewith.

## III.

## LEGAL ARGUMENT

The U.S. Code requires a district court to remand any case that has been removed improvidently and without jurisdiction and provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. 1447(c); *Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F.Supp. 970, 972-73 (N.D. CA 1989) (granting plaintiff's motion to remand where defendant's removal was untimely and requesting counsel for plaintiff to submit proof of attorneys' fees and expenses which were awarded pursuant to 28 U.S.C. §1447(c)). This District has held that:

> [A]s a matter of public policy, the party forced to bring a motion to remand an improperly removed case generally should be fully reimbursed for its costs in remanding the case whether the removal was in bad faith or otherwise.

*Moore v. Kaiser Foundation Hosp. Inc.*, 765 F.Supp. 1464, 1466 (N.D. CA 1991) (awarding $9,638 in attorneys' fees upon remand of improperly removed lawsuit), upheld by the 9th Circuit in *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992).

As explained more fully in Gens' memorandum of points and authorities in support of his motion to remand, Ferrell's removal was procedurally and substantively improper and filed for no

Hopkins & Carley
Attorneys At Law
San Jose

430555.1                                        - 3 -
PLAINTIFF TIMOTHY GENS' NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 28 USC SECTION 1447(C)

reason other than to cause delay and to needlessly increase the cost of this litigation. Upon receipt of Ferrell's improper notice of removal, Gens had the option of immediately filing a motion for remand and requesting attorneys' fees, but as a courtesy, and in an attempt to avoid unnecessary litigation, chose not to do so. (Levy Dec[2]. at ¶25, Ex. D). Instead, seeking to avoid unnecessary motion practice, Gens sent Ferrell a letter with citations to relevant authority explaining that Ferrell's removal was both untimely and substantively improper. (Levy Dec. at Ex. E.) In Gens' letter, he reminded Ferrell that a party who improperly removes a case from state court may be required to pay the opposing party's attorneys' fees and costs, and offered to stipulate to remand the case back to state court. (*Id.* at ¶25, Ex. D). In the face of authority to the contrary, Ferrell persisted in his insistence that the removal was proper. (*Id.* at Ex. E.)

As a result, Gens has incurred at least $11,452.50 in attorneys' fees and costs to file an otherwise unnecessary motion to remand. (Levy Decl. at ¶27). As stated in *Moore*, Gens, as the party forced to bring a motion to remand, should be "fully reimbursed" for its attorneys' fees and costs. *Moore, supra* at 1466. Accordingly, Gens respectfully requests that this Court order Ferrell and his attorneys to pay the $11,452.50 of fees and costs incurred by Gens together with such other sanctions as the Court may deem appropriate.

## IV.

## CONCLUSION

Ferrell removed this action to federal court without a sound basis for doing so and later refused to stipulate to remand the action back to state court in the face of authority establishing that removal was improper. The prejudice Gens has suffered in the form of delays to his trial and discovery schedule cannot be undone. However, the prejudice Gens has suffered in the form of the monetary costs associated with the motion to remand can be remedied. Accordingly, Gens

---

[2] The Declaration of Allonn E. Levy in support of Gens' Motion To Remand and Motion For Attorney's Fees And Costs filed concurrently herewith is referred to herein as the "Levy Dec."

respectfully requests that this Court order Ferrell and his attorneys to bear the $11,452.50 of fees and costs incurred by Gens together with any other sanctions as the Court may deem appropriate.

Dated: June 16, 2005

Hopkins & Carley
A Law Corporation

By: _____
Allonn E. Levy
Attorneys for Plaintiff
TIMOTHY GENS

Hopkins & Carley
Attorneys At Law
San Jose

430555.1                                            - 5 -
PLAINTIFF TIMOTHY GENS' NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 28 USC SECTION 1447(C)