William S. Klein (State Bar No. 121792)
Allonn E. Levy (State Bar No. 187251)
Dori L. Yob (State Bar No. 227364)
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (408) 286-9800
Facsimile:    (408) 998-4790

Attorneys for Plaintiff
TIMOTHY GENS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TIMOTHY GENS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GARY FERRELL,<br><br>　　　　　Defendant. | CASE NO.  3:05-cv-02183-EMC<br><br>**PLAINTIFF TIMOTHY GENS' NOTICE OF MOTION AND MOTION TO REMAND THIS ACTION TO THE SAN MATEO COUNTY  SUPERIOR COURT**<br><br>Date:　　　August 3, 2005<br>Time:　　　10:30 a.m.<br>Judge:　　　Honorable Edward M. Chen |
| GARY FERRELL,<br><br>　　　　　Cross-Complainant,<br><br>v.<br><br>TIMOTHY GENS,<br><br>　　　　　Cross-Defendant. | |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ i

I.   INTRODUCTION ......................................................................................................................3

II.  ISSUES TO BE DECIDED ......................................................................................................4

III. FACTUAL BACKGROUND ...................................................................................................4

      A.   Synopsis of Gens' Original Complaint..............................................................................4
      B.   Ferrell's Efforts At Delay In The State Court; Imposition Of Sanctions .................5
      C.   Gens' First Amended Complaint ......................................................................................7
      D.   Gens' Efforts At Informal Resolution Of The Improper Removal..........................8

IV. LEGAL ARGUMENT...............................................................................................................9

      A.   The Motion to Remand Should Be Granted Because Ferrell Waived His Right To Remove...................................................................................................................9
      B.   Had Ferrell Not Waived His Right to Remove, Remand Would Be Required Because The State Court Action Does Not Arise Under Federal Patent Law. ...................................................................................................................................11

           1.   The Well-Pleaded Complaint Does Not Contain a Cause of Action Created By Federal Patent Law ................................................................................12
           2.   Gens' Right to Relief Does not Depend on Resolution of a Substantial Question of Federal Patent Law ...............................................13

V.   CONCLUSION........................................................................................................................15

# TABLE OF AUTHORITIES

Page

## CASES

*Arnold Corp. v. Hydrotech Systems, Inc.*,
    109 F.3d 1567 (1997) .................................................................................................. 12, 15

*Breed v. Hughes Aircraft Co.*
    253 F3d 1173 (9th Cir. 2001) ........................................................................................... 14

*Cantrell v. Great Republic Ins. Co.*
    873 F.2d 1249, 1254 (9th Cir. 1989) ................................................................................. 10

*Christianson v. Colt Indus. Operating Corp.*,
    486 U.S. 800 (1988) ......................................................................................... 12, 13, 14, 15

*Conroy v. Fresh Del Monte Produce, Inc.*,
    325 F.Supp.2d 1049, (N.D. Cal. 2004) ................................................................ 11, 12, 13, 14

*Hubbard v. Union Oil Co.*,
    601 F.Supp. 790 (S.D. WV 1985) ..................................................................................... 10

*Libhart v. Santa Monica Dairy Co.*,
    592 F.2d 1062 (9th Cir. 1979) ............................................................................................. 9

*MC, Inc. v. King-Seeley Thermos Company*
    80 F.2d 1568 (Fed.Cir. 1989) ............................................................................................ 14

*Samura v. Kaiser Foundation Health Plan, Inc.*,
    715 F.Supp. 970 (N.D. CA 1989) ............................................................................... 9, 10, 11

*University of West Virginia, v. VanVoorhies*,
    278 F.3d 1288 (Fed. Cir. 2002) ......................................................................................... 14

## STATUTES

18 U.S.C. Section 1961 ....................................................................................................... 10

28 U.S.C Section 1447 ......................................................................................................... 4

28 U.S.C. Section 1441(a) .................................................................................................... 9

28 U.S.C. Section 1446(b) ............................................................................................... 9, 10

28 U.S.C.A Section 1338 .................................................................................................... 11

28 U.S.C.A Section 1338(a) ............................................................................... 11, 12, 13, 15

28 U.S.C.A. Section 1447(c) ................................................................................................. 2

42 U.S.C. Section 300(e) .................................................................................................... 10

PLEASE TAKE NOTICE that on August 3, 2005 at 10:30 a.m. or as soon thereafter as the matter may be heard in Courtroom C, of the above-entitled Court located at 450 Golden Gate Avenue, 15 Floor, San Francisco California, 94102, Plaintiff Timothy Gens (hereinafter "Gens") will and hereby does move this Court to remand this action to the San Mateo County Superior Court.

This motion is made pursuant to 28 U.S.C.A. §1447(c) on the grounds that Ferrell's removal is procedurally and substantively improper because: (1) Ferrell waived his right to remove by failing to remove the original complaint within 30-days after service; (2) the Court lacks subject matter jurisdiction because Gens' well-pleaded complaint does not involve a claim that "arises under" federal patent law; and (3) even if Gens' complaint does include an allegation involving patents, the State Court may grant or deny relief on each of Gens' causes of action based on other theories in the complaint without resolution of any issues of federal patent law.

This motion will be based on this notice of motion and motion, the memorandum of points and authorities, the request for judicial notice and the declaration of Allonn E. Levy filed concurrently herewith, the arguments of counsel, and the record of the case on file herein.

Dated: June _16_, 2005

Hopkins & Carley
A Law Corporation

By: _____
Allonn E. Levy
Attorneys for Plaintiff
TIMOTHY GENS

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Timothy Gens (hereinafter "Gens") submits the following arguments and authorities in support of his motion to remand this action to the San Mateo County Superior Court.

## I.

## INTRODUCTION

Defendant Gary Ferrell[1] filed his notice of removal over a year after the case first became removable. He opted to remove 45 days before trial was to begin in the state court action, 15 days before the discovery cut-off, and days after the parties had exchanged their expert witness disclosures. Ferrell's removal had the immediate effect of curtailing the state court's jurisdiction over a pending motion to compel deposition responses, and the practical effect of delaying the 6 depositions Gens had scheduled. Gens charges that Ferrell's removal is both untimely and improvident, and is the most recent in a long series of tactics to be employed by Ferrell in an effort to forestall Gens' right to a trial on the merits.

Ferrell's removal is improper for two reasons. First, Ferrell waived his right to remove by failing to remove the original complaint, which included a federal RICO claim, within 30-days after service. As such, Ferrell is procedurally barred from removing this case. Second, even if Ferrell's removal had been timely, it is substantively improper because contrary to Ferrell's contention, the existence of allegations that tangentially reference patents or the "patent process" do not create federal question jurisdiction. Specifically, Gens' amended complaint does not contain any claims that "arise under" federal patent law, and does not contain any claims that cannot be decided on state law theories, without resolution of issues of federal patent law. As such, removal was patently impermissible at this late stage of the proceedings.

Although Gens was not required to do so, he advised opposing counsel, by detailed letter, that the removal was both procedurally and substantively defective; nevertheless, Ferrell has steadfastly refused to stipulate to remanding this case. Therefore, Gens now finds himself in the

---

[1] Defendant Gary Ferrell will be hereinafter referred to as "Ferrell."

PLAINTIFF TIMOTHY GENS' NOTICE OF MOTION AND MOTION TO REMAND

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

throws of the fifth in a series of motions between these two parties – each of which has been either fully, or largely, decided in Gens' favor. By virtue of filing the defective removal, Ferrell has already succeeded in derailing the scheduled trial in the state court action, to the extreme prejudice of Mr. Gens. This cannot be undone. Gens therefore respectfully requests that this court grant the instant motion, remand this matter back to the State Court, and order Mr. Ferrell to pay all fees and costs associated with bringing this motion.

## II.
## ISSUES TO BE DECIDED

Whether Defendant's removal of this action from the state court was procedurally and/or substantively improper pursuant to 28 U.S.C §1447.

## III.
## FACTUAL BACKGROUND

On April 21, 2004, Gens filed a complaint in state court against Ferrell. On May 19, 2005 an amended complaint was filed with the state court by stipulation of the parties. On May 27, 2005, Ferrell removed this action to federal court.

### A. Synopsis of Gens' Original Complaint

On or about April 22, 2004, Ferrell was served with Gens' complaint alleging breach of fiduciary duty, constructive and actual fraud, conversion, RICO violations, and defamation. (RJN, Ex. A, hereafter the "Complaint."). The Complaint involves allegations relating to Gens and Ferrell's business relationship, as well as, Ferrell's business relationships with a number of other technology companies and investors. These relationships are alleged to have been formed by Ferrell in order to develop and commercialize new technologies with the intention of then abandoning the ventures and defrauding the investors (Complaint at ¶1).

A fiduciary relationship is alleged to have existed between Gens and Ferrell from about November 1999, when Gens and Ferrell formed a corporation called L-Tech to manufacture and market various technologies generally related to the manufacture of semiconductors, through approximately October of 2003, when Gens discovered that Ferrell had violated his fiduciary duties. (Complaint at ¶¶7-24). As part of the fiduciary relationship, the Complaint alleged that

"Ferrell and Gens are co-owners of certain intellectual property rights in the older drying technology" and that said technology was converted by Ferrell. (Complaint at ¶35). It further alleged that "Gens and Ferrell developed a new and novel technology for cleaning wafers ("the cleaning technology")," that "Gens and Ferrell are listed as co-inventors on a patent application related to the cleaning technology" and that "Ferrell has obtained additional compensation from the SEZ entities for the cleaning technology." (Complaint at ¶21). Thus, the original Complaint in this case alleged that Ferrell had converted two technologies: the cleaning technology and the drying technology. (Complaint at ¶52).

The Complaint also alleged that while Gens, Ferrell, and SEZ[2] were negotiating an amendment to their prior Merger Agreement, Ferrell negotiated a secret "side deal" in violation of his fiduciary duties to Gens. (Complaint at ¶42). In October of 2003, Ferrell admitted to Gens that he had negotiated the secret "side deal." (Complaint at ¶17). Shortly thereafter, Ferrell is alleged to have commenced a pattern of spreading defamatory statements about Gens throughout the industry. (Complaint at ¶¶36-40).

### B.     Ferrell's Efforts At Delay In The State Court; Imposition Of Sanctions

On or about May 6, 2004, approximately two weeks after filing this action, Gens served Ferrell with a series of written discovery requests, including a request for production of documents. (Levy Dec. at ¶4). Ferrell refused to respond to Gens' discovery requests on the basis of an alleged conflict of interest between Gens and his attorneys. (*Id.* at ¶5). Although Gens brought contrary authority to Ferrell's attention, Ferrell eventually filed a motion to disqualify Gens' counsel. (*Id.* at ¶5). The court denied Ferrell's motion. (*Id.*).

Nevertheless, Ferrell continued his refusal to produce full discovery responses. (Levy Dec. at ¶6). Although Ferrell had waived any objections by improperly responding to the original requests, he persisted in withholding certain documents on the basis of privilege and claiming that others were in the "possession, custody, and control" of his employer, SEZ. (*Id.*). Gens offered a number of resolutions to the dispute, including offering to seek the documents

---

[2]  Except where noted, the term "SEZ" is used generically to describe all of the SEZ entities, including SEZ-Austria and SEZ-U.S

430085.2                                    - 5 -

PLAINTIFF TIMOTHY GENS' NOTICE OF MOTION AND MOTION TO REMAND

directly from SEZ in return for an extension of time to file a motion to compel, understanding no such motion would be filed if Gens was able to secure the documents from SEZ. (*Id.*). Ferrell refused each alternative. (*Id.*). After five-months of unsuccessful meet-and-confer efforts, Gens filed a motion to compel. (*Id.* at ¶7.). The court granted the motion to compel, in part, ordering Ferrell to produce the documents in his possession and urging Gens to seek the remaining documents directly from SEZ. (*Id.* at ¶8, RJN at Ex. D). In its order, the State Court took the unusual step of warning Mr. Ferrell against obstructing discovery, noting "there seems to be a bit of cat and mouse gaming going on." (RJN at Ex. D).

Undaunted, and despite Ferrell's insistence that the requested documents were in SEZ's possession, when Gens' served SEZ with a deposition subpoena requesting the documents, Ferrell filed a motion to quash the subpoena. (Levy Dec. at ¶7). The court denied Ferrell's motion to quash the subpoena, and this time, sanctioned Ferrell's counsel $3,180.00 for abusing the discovery process. (*Id.* at at ¶9).

After the court denied Ferrell's motion to quash the subpoena served on SEZ, Ferrell was faced with another round of opposition from SEZ, who was presumably following Ferrell's lead. Gens overcame that obstacle when the State Court partially granted his motion to compel, finding that SEZ had wrongfully designated documents as "privileged." (Levy Dec. at ¶10). Despite the State Court's order, those documents have yet to be produced. (*Id.*).

Having obtained at least some of the discovery Gens first sought nearly one year earlier, on April 21, 2005, Mr. Ferrell was scheduled to appear for his deposition. (Levy Dec. at ¶12). Approximately one hour before the commencement of the deposition, Gens was advised that Ferrell would not appear due to an illness. (*Id.*). When Ferrell eventually appeared for deposition, he refused to answer over eighteen questions based on his counsel's instructions. (Levy Dec. at ¶¶13-14). Sixteen of the eighteen questions that Ferrell refused to answer involved technology issues. (*Id.*). Ferrell refused to answer most of these questions[3] on the basis of a trade

---

[3] Ferrell's counsel instructed his client not to answer the seventeenth question on the basis of the marital privilege despite the fact that the question did not seek disclosure of any confidential communication between Ferrell and his wife. (Levy Dec. at ¶¶14-15). Ferrell's counsel instructed his client not to answer the eighteenth question despite the fact that counsel did not object on the basis of privilege or work product, or on the ground that the question

secret objection, despite the fact that Gens' and SEZ had executed a stipulated protective order expressly designed to address this issue, and despite the fact that Ferrell had repeatedly been advised of that protective order[4]. (*Id.* at 13). Meet and confer efforts related to the unanswered deposition questions again failed, forcing Gens to file yet another motion to compel.[5] (*Id.* at ¶¶ 15-16). That hearing was scheduled to be heard shortly before Ferrell filed the instant removal. (*Id.* at ¶16).

### C. Gens' First Amended Complaint

Through discovery and investigation, Gens learned that in addition to his conversion of the drying technology and cleaning technology, Ferrell had also misappropriated certain drawings relating to a third type of technology referred to as a "Nebulizer." (Levy Dec. at ¶18). Specifically, Gens learned that Ferrell had engaged the services of a forensic computer consultant to hack into a computer to obtain diagrams owned by Gens. (RJN at Exh. H, hereinafter the "Amended Complaint" at ¶36). Ferrell then falsely represented that the diagrams and the ideas embodied therein, were his, to Gens' detriment. (Amended Complaint. at ¶36-37). Based upon Ferrell's actions, SEZ subsequently filed for a patent on the Nebulizer technology – an action that Gens does not seek to undue through this lawsuit which is exclusively aimed at Ferrell. (Amended Complaint. at ¶36-37).

On or about May 13, 2005, counsel for Gens contacted counsel for Ferrell to advise him of Gens' desire to amend the complaint and asked Ferrell's counsel whether a stipulation allowing the filing could be obtained. (Levy Dec. at ¶19, Ex. A.). On or about May 16, 2005,

---

sought a legal contention, or that the examination was conducted in bad faith or was harassing. (*Id.*).

[4] On the first day of Ferrell's deposition, counsel for Gens' reminded Ferrell and his counsel that Gens and SEZ had entered into a protective order to protect the integrity of confidential information that might be disclosed during discovery. (Levy Dec. at ¶13). Counsel for Gens' offered to designate any portion of the transcript as "confidential" pursuant to the terms of the protective order. (*Id.* at ¶15). Alternatively, counsel for Gens offered to designate any information that Ferrell considered confidential as such among the persons in attendance at the deposition, and to work out a separate protective order with Ferrell at a later date. (*Id.*). Ferrell refused both alternatives. (*Id.*)

[5] Gens filed his motion to compel on May 24, 2005, Ferrell's opposition to the motion to compel was due on Friday, June 3rd, Gens' reply was due on Thursday, June 9th, and the hearing on the motion was set for Thursday, June 16th. (Levy Dec. at ¶16.)

Ferrell stipulated to the filing of the amended complaint in return for Gens' agreement that Ferrell be permitted to conduct discovery related to the new allegations despite the fact that time for written discovery had already passed and Mr. Gens' deposition had been concluded. (*Id.* at ¶¶ 20-21, Ex. B).

On or about May 18, 2005, Gens filed the stipulation to file the amended complaint. (Levy Dec. at ¶21; RJN at Ex. G) On or about May 19, 2005, Gens filed his amended complaint pursuant to the stipulation. (Levy Dec. at ¶21; RJN at Ex. H.). On or about May 27, 2005, without any warning, Ferrell filed a Notice of Removal to Federal Court. (Levy Dec. at ¶24, RJN at Ex. I).

### D. Gens' Efforts At Informal Resolution Of The Improper Removal.

At the time the notice of removal was filed, Gens had responded to all of Ferrell's written discovery but was awaiting responses to a series of written discovery requests from Ferrell[6], expert witnesses had been exchanged, there were 6 calendared depositions[7] (all set by Gens), Gens' motion to compel[8] was on calendar, the discovery cut-off was 15 days away, and the trial was set to begin 45 days later. (Levy Dec. at ¶¶11, 16, 17, 24).

Seeking to avoid unnecessary motion practice and further delay, on or about June 1, 2005, counsel for Gens sent a letter to counsel for Ferrell explaining that Ferrell's Notice of Removal was both procedurally and substantively improper with citations to many of the same authorities presented to the court here. (*Id.* at Ex. 25). Gens requested that Ferrell provide facts or authority

---

[6] On or about Friday, May 13th, Gens served Ferrell with a set of special interrogatories, form interrogatories, requests for admission, and requests for production principally related to the allegations in Ferrell's cross-complaint. (Levy Dec. at ¶11). On Monday, June 13th, Ferrell served objections to Gens' special and form interrogatories claiming that because the case was removed to federal court, Gens' exceeded the permissible numerical limit for interrogatories, and therefore, Ferrell refused to answer the interrogatories on that basis.

[7] At the time Ferrell filed his notice of removal the following depositions were scheduled: (1) Dr. Thomas Matula and Dr. Lawrence Crum were scheduled for June 2nd and 3rd, respectively, in Seattle, Washington; (2) Susan Jones was scheduled for June 8th in San Jose; (3) Michael West was scheduled for June 16th and 17th in Phoenix Arizona pursuant to a stipulation with opposing counsel to extend the deposition beyond the discovery cut-off; and (4) the continued depositions Frances and Gary Ferrell were scheduled for June 20th and 23rd, respectively, also pursuant to a stipulation with counsel. (Levy Dec. at ¶17).

[8] See *supra*, fn. 5.

1  to support the removal, or alternatively, stipulate to remand the case back to state court. (*Id.*). On
2  or about June 3, 2005, counsel for Ferrell responded to Gens' letter, refusing to stipulate to
3  remand, but failing to cite to any meaningful authority justifying the removal. (*Id.* at Ex. 26).
4  This motion and the accompanying request for sanctions ensued.

## IV.

## LEGAL ARGUMENT

A state court action may be removed to federal court if it qualifies as a 'civil action…of which the district courts of the United States have original jurisdiction. 28 U.S.C. §1441(a). It is said to be a "firmly established policy" that "removal statutes are construed strictly *against* removal" *Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F.Supp. 970, 972 (N.D. CA 1989) citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Thus, the party requesting removal carries a heavy burden to demonstrate that the removal was proper. Ferrell cannot meet this burden, as his removal was both procedurally and substantively improper. Accordingly, this case should be remanded to the San Mateo County Superior Court.

### A. The Motion to Remand Should Be Granted Because Ferrell Waived His Right To Remove

The removal statute expressly dictates that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1446(b). The Northern District and others have repeatedly reaffirmed that 28 U.S.C. §1446(b) specifies that the removal period runs from the time the state court action was *first* removable and any failure to remove at that time results in a waiver of the right to remove. *Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F.Supp. 970, 972 (N.D. CA 1989). Once a defendant has waived his right to remove, subsequent changes to a complaint that would otherwise create a new basis for removal *do not* eliminate the waiver. *Samara, supra* at 972. Therefore, "if a defendant is desirous of litigating an action in federal court, he must seize the first opportunity to do so by removing the case to federal court" within the initial thirty-day period specified by section 1446(b)." *Hubbard v. Union Oil Co.*, 601 F.Supp. 790, 795 (S.D. WV

430085.2  - 9 -

PLAINTIFF TIMOTHY GENS' NOTICE OF MOTION AND MOTION TO REMAND

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

1985); accord, *Cantrell v. Great Republic Ins. Co.* 873 F.2d 1249, 1254 (9th Cir. 1989).

In *Samura*, the plaintiff filed an action in Alameda County Superior Court against Kaiser Foundation Health Plan (hereinafter "Kaiser") alleging that Kaiser's practice of asserting liens in excess of actual costs against recoveries obtained from third parties constituted unfair business practices under California law. *Samura, supra* at 971. Kaiser answered by alleging that the complaint was barred and preempted by ERISA, but did not attempt to remove the case to federal court. Nearly two years later, plaintiff filed an amended complaint adding two defendants and a new allegation that defendants were federal qualified HMO's and that the alleged practices constituted a violation of the Unfair Practices Act codified at 42 U.S.C. §300(e). *Id*. Defendant removed the action to federal court invoking federal question jurisdiction on two grounds: (1) that plaintiff stated a claim under 42 U.S.C. §300(e); and (2) that the allegations in the complaint were preempted by ERISA. *Id*. Plaintiff moved to remand on the grounds that the action was not timely removed. *Id*. Defendants argued that the removal was timely because it came within thirty-days of service of the amended complaint. *Id*. The court agreed with plaintiff, holding that since the case was removable at the time the original complaint was filed, and because defendants failed to remove the case within 30 days of the original complaint, the defendants had waived their right to file a subsequent notice of removal even though the complaint was amended to add a new basis for removal. *Id.* at 972.

Here, Gens' filed his original complaint on April 21, 2004 in the Santa Clara County Superior Court.[9] Unquestionably, Gens' original complaint was removable because it included a cause of action over which district courts of the United States have original jurisdiction. (i.e. violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1961 et seq.)). Accordingly, Ferrell had 30-days from the service of the initial complaint (accomplished on April 22, 2004) within which to remove the action to federal court. 28 U.S.C. §1446(b), *Samura, supra*. By failing to seize upon the original basis for removal, Ferrell waived his right to subsequently remove. Pursuant to *Samura* and *Hubbard*, even if Gens' amended complaint had

---

[9] On or about May 18, 2004, the Court entered a stipulation and order changing the venue of the case to San Mateo County Superior Court.

added a new basis for removal (and Gens contends it did not), it did not undo Ferrell's waiver or re-start the time for removal. *Samura, supra* at 971; *Hubbard, supra* at 795.

The policy behind this well-settled, statutory, rule is sound.

> [First, it is intended] to deprive the defendant of the undeserved tactical advantage that he would have if he would wait and see how he was faring in state court before deciding whether to remove the case . . . [and second] to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.

*Samura* at 972.

Because this case was removable over a year ago, Ferrell cannot meet his burden of showing that removal at this late stage of the proceedings was appropriate. Accordingly, the plaintiff's choice of forum should be safeguarded and this case should be remanded back to the San Mateo County Superior Court on this procedural basis, without the need for any further analysis.

**B.    Had Ferrell Not Waived His Right to Remove, Remand Would Be Required Because The State Court Action Does Not Arise Under Federal Patent Law.**

In addition to being untimely, the removal of this case was improvident because, contrary to Ferrell's unsupported assertions, the action does not "arise under" federal patent law within the meaning of 28 U.S.C.A section 1338. Ferrell claims that removal is proper pursuant to section 1338(a) because Gens "raised issues involving patents" in his first amended complaint.[10] (RJN at Ex. I). However, Northern District Courts have consistently held that jurisdiction under section 1338(a) extends *only* to those cases that satisfy at least one prong of the so-called *Christianson* test, namely cases in which: "(1) a well pleaded complaint establishes either that federal patent law creates the cause of action; or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well pleaded claims." *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F.Supp.2d 1049, (N.D. Cal. 2004) citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809

---

[10] Ferrell ignores the fact that the cleaning technology and drying technology, which were alleged to have been misappropriated by Ferrell in the original complaint were both patented technologies. It is unclear why Ferrell contends that the prior conversion claim involving those two technologies did not "raise patent issues" but the conversion of a third patented technology (the Nebulizer) does.

PLAINTIFF TIMOTHY GENS' NOTICE OF MOTION AND MOTION TO REMAND

(1988). Here, Ferrell cannot establish that either prong of the *Christianson* test can be met. Accordingly, separately from the untimeliness issue, removal was improper because the stated basis for federal subject matter jurisdiction is absent.

### 1. The Well-Pleaded Complaint Does Not Contain a Cause of Action Created By Federal Patent Law

The first prong of the *Christianson* test is known as the "well-pleaded complaint rule." *Conroy, supra* at 1055. Under such rule, whether a complaint involves a claim that is "created by" federal patent law as required by 28 U.S.C.A. section 1338(a) "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Id.* (holding federal court lacked jurisdiction based on well-pleaded complaint rule where plaintiff's complaint contained only state law antitrust and unfair competition claims based on defendant's allegedly fraudulent assertion of patent rights). Therefore, if a plaintiff only pleads "cause[s] of action based on rights created by contract, or on the common law of torts, the case is not one 'arising under' the patent laws." *Arnold Corp. v. Hydrotech Systems, Inc.*, 109 F.3d 1567, 1572 (1997) (holding inventors claim did not "arise under" federal patent law where complaint contained only state law causes of action but included allegations that certain patents were "null and void").

Ferrell incorrectly argues that the "allegations" on the face of the complaint are determinative of federal jurisdiction. (Levy Dec. Ex. E). As set forth above, however, the well-pleaded complaint rule focuses on the *claims* made, not on whether allegations or facts in the complaint may reference patents. *Christianson, supra* at 811. As in *Conroy,* here, Gens did not plead any federal claims on the face of his amended complaint, nor did he request relief under patent law. Rather, Gens' amended complaint added factual allegations to the conversion claim and added a state law cause of action for intentional interference with prospective economic advantage. (Levy Dec. at ¶23, Ex. C). Each of these claims focus on the fact that Ferrell took property in the form of diagrams rightfully owned by Gens. Indeed the diagrams and technology embodied in those diagrams were not patented until *after* Ferrell misappropriated them and Gens

has not even sued the party claiming to own the resulting patent (SEZ). Ferrell's efforts to remove simply because the converted property was eventually patented by a third party find no support in the law. Moreover, it defies logic, since Gens has not even sued to have the patent invalidated or transferred from the third party to Gens. Gens has pled simple state-court tort claims such as conversion and intentional interference with prospective advantage against Ferrell, each of which are undoubtedly created by state, rather than federal law. Accordingly, under the first prong of the *Christianson* test, Ferrell's removal was impermissible.

### 2. Gens' Right to Relief Does not Depend on Resolution of a Substantial Question of Federal Patent Law

The alternative prong of the *Christianson* test requires a court to "ascertain whether *all* the theories by which a plaintiff could prevail on a claim *rely solely* on resolving a substantial question of federal patent law." *Conroy, supra* at 1055 (Emphasis in original) (granting motion to remand where although one of the allegations in support of the plaintiff's antitrust and unfair competition claims was that defendant fraudulently obtained a patent, plaintiff could prevail on each claim based on allegations that did not require resolution of the patent law issue). Thus, even if the plaintiff's claims do involve "a substantial question of federal patent law," subject matter jurisdiction will, nevertheless, not lie if the state court *could* resolve the claims without ruling on the federal issues. *Christianson, supra* at 810. If there is any possibility that plaintiff may be entitled to relief based on a theory or allegation that is unrelated to the patent laws, then the claim does not "arise under" those laws. *Id.* (holding that although *one* of plaintiff's allegations in support of its antitrust claims was that patents held by defendant were invalid, the claims could have been supported with any of several theories having nothing to do with validity of patents and therefore claims did not "arise under" federal patent laws). Here, as in *Conroy* and *Christianson*, the Court *may* determine whether or not Gens is entitled to relief on each and every one of his causes of action without resolving any patent law issues, as such, jurisdiction is lacking under section 1338(a).

When filing his amended complaint, the two primary changes that Gens made to his complaint were: (1) to add a new "theory" to support his existing conversion claim; and (2) to add

1   a new state law claim for intentional interference with prospective economic advantage. The
2   allegation that Gens added to his existing conversion claim simply inserted a third technology (in
3   the form of diagrams which eventually were attached to a patent application filed by SEZ) to the
4   list of prior technologies that Gens claimed Ferrell had converted. Ferrell argues that removal is
5   proper because this allegation (which Ferrell alleges involves the "patent process") was the "sole
6   subject matter" of Gens' amendment. (Levy Dec., Ex. E.) This analysis entirely misconstrues
7   the holding of *Christianson* and *Conroy*. Those two cases stand for the accepted proposition that
8   removal is proper if a *cause of action* depends *solely* on the *resolution* of a substantial question of
9   federal patent law, not if an amendment adds allegations that *solely* involve patents.

10  Here, none of the claims depend solely on the resolution of a substantial question of
11  federal patent law. Indeed, all of the claimed relief can be granted or denied based on each of
12  Gens' pre-existing allegations. Nevertheless, even the allegations added in the Amended
13  Complaint do not require resolution of a substantial question of federal patent law. Unlike the
14  Amended Complaint here, each of the cases cited in Ferrell's removal papers address situations
15  where the plaintiff requested relief based on a declaratory relief theory or some other theory that
16  was *solely* dependant on federal patent law. *See e.g. MC, Inc. v. King-Seeley Thermos Company*,
17  80 F.2d 1568 (Fed.Cir. 1989) (plaintiff filed a declaratory relief action on issue of patent
18  inventorship); *Breed v. Hughes Aircraft Co.* 253 F3d 1173 (9th Cir. 2001) (plaintiff sought a
19  determination of co-ownership and correction of a patent under 35 U.S.C. 256); *University of*
20  *West Virginia, v. VanVoorhies*, 278 F.3d 1288 (Fed. Cir. 2002) (plaintiff sought determination of
21  the validity of a patents and sought an assignment of patent rights). By contrast, Gens'
22  conversion claim does not seek to establish inventorship, co-ownership, or correction of the
23  Nebulizer Patent, rather it is aimed at recovering the damages Gens' suffered as a result Ferrell's
24  conversion of the drawings that were attached to the patent application. Such claim can be
25  decided (and indeed *will* be decided) without an analysis of federal patent law.
26  By way of example, Gens' conversion claim existed in the original complaint based on the
27  allegations separate and distinct from those added to the amended complaint.[11] (Complaint at

---

[11] Gens' original complaint contains allegations for breach of fiduciary duty, RICO, conversion,

430085.2                              - 14 -

PLAINTIFF TIMOTHY GENS' NOTICE OF MOTION AND MOTION TO REMAND

¶¶35, 51-53). Therefore, even if the allegations in the Amended Complaint raised an issue of federal patent law (and Gens is able to discern none that are raised), Ferrell still cannot satisfy the second prong of the *Christianson* test, because the conversion claim *could* be decided entirely on the pre-existing allegations. As set forth in the original complaint, Gens' conversion claim was based in part on the allegation that following Gens' departure from SEZ, Ferrell converted certain intellectual property belonging to both Gens and Ferrell to his own use, to the exclusion of Gens. (*Id.*) These allegations depend on the interpretation of various invention assignment agreements[12] executed by Gens, Ferrell, and SEZ, as well as contractual and fiduciary duties. Therefore, even if the allegations added to the amended complaint *did* involve patent law, unquestionably the state court *could* grant or deny Gens' conversion claim, independently of those allegations. As such, the Amended Complaint cannot form a basis for federal jurisdiction under section 1338(a).

Finally, Gens' amended complaint added only one new cause of action: intentional interference with prospective economic advantage. The new cause of action simply re-casts the previously pled theories to claim that collectively Ferrell took steps designed to induce some of Gens' clients and prospective clients to cease doing business with him, thereby interfering with Gens' economic relationships with some or all of such clients. (Levy Dec., Ex. C). There can be no serious argument that this claim relies *solely* on the resolution a substantial question of federal patent law.

V.

CONCLUSION

Ferrell's attempt to remove this action to federal court is both procedurally and substantively improper, and is nothing more than a continuation of Ferrell's ongoing effort to

---

defamation, and constructive and actual fraud, involving other patented technology. (Levy Dec. ¶2, RJN at Ex. A.) Notably, Ferrell did not demurrer to those claims on the basis that the state court lacked subject matter jurisdiction.

[12] Even if the allegations were deemed to turn on the question of who owns certain established patent rights, that issue which has been held to be "a question exclusively for state courts." *Jim Arnold Corp. v. Hydrotech Systems, Inc.*, 109 F.3d 1567, 1572 (Fed.Cir.1997) (holding that question of whether a patent is valid and infringed is ordinarily a question for federal courts while the question of who owns the patent rights and on what terms typically is a question exclusively for state courts).

cause delay and needlessly increase the cost to Gens of litigating his case. Accordingly, Gens' respectfully requests that this Court remand this action to the San Mateo County Superior Court and grant Gens' Motion for Sanctions that has been filed concurrently herewith.

Dated: June 16, 2005

Hopkins & Carley
A Law Corporation

By: /s/ Allonn E. Levy
Allonn E. Levy
Attorneys for Plaintiff
TIMOTHY GENS

430085.2

- 16 -

PLAINTIFF TIMOTHY GENS' NOTICE OF MOTION AND MOTION TO REMAND