

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY GENS,

    Plaintiff,

v.

GARY FERRELL and DOES 1-50, inclusive,

    Defendants.

No. C 05-2183 MHP

**MEMORANDUM & ORDER**
Re: Plaintiff's Motion to Remand

    The instant action arises from a complaint, originally filed in state court, in which defendant Timothy Gens alleged that plaintiff Gary Ferrell wrongfully deprived him of intellectual property and other rights in certain semiconductor manufacturing technologies. After Gens amended his state court complaint to allege that Ferrell fraudulently identified himself as the inventor of a United States Patent, Ferrell removed Gens' state court action to this court on May 27, 2005. Now before the court are Gens' motion to remand this action to state court and his motion for attorneys' fees pursuant to 28 U.S.C. § 1447(c). Having considered the parties' arguments and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND[1]

    Plaintiff Timothy Gens is patent attorney licensed to practice before the United States Patent and Trademark Office ("PTO"). Beginning in 1997, Gens was retained by defendant Gary Ferrell for the purpose of providing services related to the licensing and marketing of various semiconductor manufacturing technologies. The two subsequently became business partners, and in 1999, they formed a corporation known as L-Tech and commenced developing and commercially exploiting

several novel methods for cleaning and drying the silicon wafers from which semiconductors are made.  In November 2003, that corporation was acquired by SEZ, a multinational semiconductor manufacturing company.  However, since that time, Gens and Ferrell appear to have had a falling out, and Gens now accuses Ferrell of depriving him of intellectual property rights in the novel cleaning and drying methods that L-Tech had developed.  Gens also asserts that Ferrell negotiated a secret "side deal" during the merger negotiations with SEZ in breach of the fiduciary duties that he owed to L-Tech and to Gens and that Ferrell has made defamatory statements concerning Gens to other individuals in the semiconductor manufacturing industry.

Based on these allegations, Gens filed an action in Santa Clara County Superior Court on April 21, 2004, naming Ferrell as the sole defendant and pleading causes of action for breach of fiduciary duty, constructive and actual fraud, conversion, and defamation under California law as well as alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.  That action was subsequently transferred to San Mateo County Superior Court pursuant to a stipulation of the parties, and on June 17, 2004, Ferrell filed an answer and cross-complaint in that court, denying the allegations against him and asserting a host of counterclaims under state law and under RICO.

After discovery in the state court action had commenced, Gens sought and was granted leave to amend his pleadings.  On May 18, 2005, Ferrell was served with a copy of the first amended complaint in that action, which included new allegations involving a patent application that Ferrell had filed with the PTO.  Specifically, the amended complaint alleges that Ferrell fraudulently identified himself rather than Gens as the inventor of a patented semiconductor manufacturing technology, which the parties identify only as the "Nebulizer Patent."  According to Gens, these new allegations give rise to a claim for conversion of his intellectual property rights under California law.

Relying upon this newly alleged misappropriation theory, Ferrell removed the state court action to this court on May 27, 2005.  On June 17, 2005, Gens filed a timely motion to remand and also moved for attorneys' fees pursuant to 28 U.S.C. § 1447(c).  Ferrell opposes those motions, arguing that the new allegations in Gens' amended complaint arise under federal patent law and

2

1  hence provide a jurisdictional basis for removal under 28 U.S.C. § 1338(a) and 28 U.S.C. § 1441(a).
2  The following memorandum and order addresses the parties' arguments.

LEGAL STANDARD

As a general rule, an action can be removed to federal court only if it might have been brought there originally. 28 U.S.C. § 1441(a). The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The defendant bears the burden of proving the propriety of removal. Id. (citing Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994)). In addition, the defendant must file a notice of removal within thirty days of the date on which he or she first receives pleadings, motions, or other papers "from which it may . . . be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Although the mere act of filing a notice in federal court effects the removal of a state court action, see 28 U.S.C. § 1446, a plaintiff may move to remand the removed action to state court on the ground that the federal court lacks subject matter jurisdiction or, alternatively, on the ground that the defendant's notice of removal is procedurally defective, see 28 U.S.C. § 1447(c); ARCO Envt'l Remediation, L.L.C. v. Department of Health & Envt'l Quality, 213 F.3d 1108, 1117 (9th Cir. 2000). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c); see also California v. NRG Energy, Inc., 391 F.3d 1011, 1022 (9th Cir. 2004). Upon granting a motion to remand, a district court may in its discretion "require payment of just costs and any actual expenses, including attorney[s'] fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

DISCUSSION

I.   Motion to Remand

In moving to remand the instant action to state court, Gens challenges both this court's authority to entertain the claims asserted in his amended complaint and the propriety of the

3

procedures that Ferrell employed in removing his state court action to this court. As this court's removal jurisdiction is predicated upon the existence of original jurisdiction to entertain a particular claim, see 28 U.S.C. § 1441(a), resolution of Gens' first argument turns on whether the newly alleged facts in his amended complaint are sufficient to give rise to original jurisdiction under 28 U.S.C. § 1338(a). Section 1338(a) states in pertinent part that "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). While this statute obviously provides a jurisdictional basis for entertaining patent infringement claims, the Supreme Court has also observed that section 1338(a) confers jurisdiction upon the district court in any case where "a plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law." Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988)).

Applying this rule to the instant action, there can be no serious dispute that the adjudication of Gens' newly alleged misappropriation theory would require the court to determine who "invented" the patent at issue, an inquiry that undoubtedly raises a substantial question of federal patent law. Accord University of Colo. Found., Inc. v. American Cyanamid Co., 196 F.3d 1366, 1372 (Fed. Cir. 1999) (observing that "the field of federal patent law preempts any state law that purports to define rights based on inventorship"), cert. denied, 529 U.S. 1130 (2000). What is less clear from the face of the pleadings is whether Gens' right to recover damages for conversion "necessarily depends" on the resolution of that question, as would be required to arise under federal patent law for purposes of 28 U.S.C. § 1338(a). The court simply cannot answer this question based on the record as it now stands.

That being said, the court can safely assume that Ferrell would be able to make the required showing to establish jurisdiction under section 1338(a) if he were given the opportunity to do so because there is no question that his notice of removal was untimely filed. As noted above, a defendant seeking to remove a state court action to federal district court must do so within thirty days after he or she *first* learns that the plaintiff has pleaded a potentially removable cause of action. 28

4

1   U.S.C. § 1446(b); see also Cantrell v. Great Republic Ins. Co., 873 F.2d 1249, 1255 (1989).  Subject
2   to a narrow exception that does not apply here,[2] courts have consistently interpreted this requirement
3   to bar removal of a previously removable action based on a subsequent amendment of the complaint
4   that adds new claims or parties.  See Samura v. Kaiser Found. Health Plan, Inc., 715 F. Supp. 970,
5   971-72 (N.D. Cal. 1989) (Schwarzer, J.) (citation omitted) (holding that neither the addition of a new
6   defendant nor of a new federal claim to an initially removable action is sufficient to make an action
7   "more removable" or "again removable"); see also Cantrell, 873 F.2d at 1255-56 (holding that the
8   addition of a new party did not provide the defendants with a second opportunity to remove a
9   previously removable action from state court).  Here, Gens' initial state court complaint, which was
10  served on Ferrell in April 2004, included a cause of action under RICO.  This is a federal claim that
11  clearly falls within the original jurisdiction of the district court and hence within this court's removal
12  jurisdiction under 28 U.S.C. § 1441(a).  Consequently, the thirty-day limitations period for removing
13  Gens' state court action to this court expired in May 2004, approximately one year before Ferrell
14  sought to remove Gens' state court action to this court.
15          In opposing Gens' motion to remand, Ferrell inexplicably ignores the authorities cited above,
16  instead relying upon Tafflin v. Levitt, 493 U.S. 455 (1990), and Lou v. Belzberg, 834 F.2d 730 (9th
17  Cir. 1987), cert. denied, 485 U.S. 993 (1988).  Specifically, Ferrell cites both Tafflin and Lou for the
18  proposition that state and federal courts have concurrent jurisdiction to entertain RICO claims.  See
19  Tafflin, 493 U.S. at 467; Lou, 834 F.2d at 738-39.  There is no doubt that this proposition is true, but
20  it is also completely irrelevant to the question of whether this court would have had removal
21  jurisdiction at the time that Gens' initial complaint was filed.  As noted above, that inquiry depends
22  on whether the RICO claim alleged in Gens' initial complaint "arises under" federal law.  See 28
23  U.S.C. §§ 1331, 1441(a).  Obviously, it does.  See Emrich v. Touche & Ross Co., 846 F.2d 1190,
24  1196-97 (9th Cir. 1988) (holding that RICO claims are removable under 28 U.S.C. § 1441(a)).
25  Moreover, while it may be true that the new allegations in Gens' amended complaint purportedly
26  give rise to a claim over which this court's jurisdiction is exclusive of that of the state courts, see 28
27  U.S.C. § 1338(a), the question of whether a California court has jurisdiction to adjudicate Gens'
28

5

1 newly alleged conversion theory is distinct from the inquiry into whether removal of the instant
2 action was proper. If Ferrell believes that the San Mateo County Superior Court lacks jurisdiction to
3 entertain the new allegations in Gens' amended complaint, he may seek relief in the form of a
4 demurrer in the state court action. However, Ferrell cannot rely on those newly alleged facts to cure
5 his failure to remove Gens' state court action within thirty days of the date on which it first became
6 removable. Accordingly, the court holds that Ferrell's notice of removal was untimely filed and
7 grants Gens' motion to remand on that basis.

II. <u>Motion for Attorneys' Fees</u>

Gens also moves for $11,452.50 in attorneys' fees and costs of suit. Under 28 U.S.C. § 1447(c), a district court has discretion to award reasonable attorneys' fees and costs upon granting a motion to remand. 28 U.S.C. § 1447(c); <u>In re DeVille</u>, 361 F.3d 539, 546 (9th Cir. 2004). Typically, the reasonableness of the arguments made in opposing a plaintiff's motion to remand is the paramount consideration in determining whether fees should be awarded in particular case. <u>See</u>, e.g., <u>Calero v. Unisys Corp.</u>, 271 F. Supp. 2d 1172, 1182 (N.D. Cal. 2003) (Patel, C.J.). As the preceding discussion makes clear, the only argument that Ferrell has raised regarding the timeliness of removal is at odds with controlling Ninth Circuit and statutory authority. Thus, for the reasons stated above, there can be no doubt that an award of attorneys' fees is appropriate in the case at bar.

Nevertheless, the court cannot simply rubber stamp Gens' unsubstantiated assertion that an award in the amount of $11,452.50 is reasonable. At a minimum, Gens' attorneys must submit affidavits detailing the fees and costs attributable to preparing and arguing the instant motions and must provide evidence that supports the reasonableness of their hourly billing rates. The court therefore grants Gens' motion for attorneys' fees on the condition that the amount of fees to be awarded will be determined upon receipt of evidence that establishes the reasonableness of the requested award.

/////
/////
/////

1  CONCLUSION

2  For the reasons stated above, the court GRANTS plaintiff's motion to remand. Furthermore, the
3  court GRANTS plaintiff's motion for attorneys' fees and costs of suit on the condition that the
4  amount of fees to be awarded will be determined upon receipt of evidence establishing the amount of
5  reasonable attorneys' fees and costs that were incurred as a result of the removal of this action.
6  Plaintiff shall submit such evidence no later than fourteen (14) days from date that this order is
7  entered. Defendant may file a response to plaintiff's supplemental submission confined solely to the
8  issue of the reasonableness of the fees sought no later than seven (7) days thereafter. The Clerk of
9  Court shall transmit forthwith to the Clerk of the Superior Court of San Mateo County a certified
10 copy of this order. This court retains jurisdiction over the determination of the attorneys' fees.

12       IT IS SO ORDERED.
13 Dated: August 3, 2005
                                        MARILYN HALL PATEL
14                                      District Judge
                                        United States District Court
15                                      Northern District of California

**ENDNOTES**

1. Unless otherwise noted, the facts set forth below are drawn from the parties' pleadings.

2. The above-referenced exception applies only in circumstances where "the plaintiff files an amended complaint that so changes the nature of the action as to constitute 'substantially a new suit begun that day.'" Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 668 F.2d 962, 965 (7th Cir.) (quoting Fletcher v. Hamlet, 116 U.S. 408, 410 (1886)), cert. denied, 459 U.S. 831 (1982). There is nothing in Gens' amended complaint to suggest that such circumstances are present here.

United States District Court
For the Northern District of California

8