UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY GENS,

        Plaintiff,                              No. C 05-2183 MHP

    v.

                                            **MEMORANDUM & ORDER**

GARY FERRELL and DOES 1-50, inclusive,        **Re: Attorneys' Fees**

        Defendants.

_____/

On August 4, 2005 this court granted plaintiff's motion to remand this action to state court. In addition, this court granted plaintiff's motion for attorneys' fees and costs of suit pursuant to 28 U.S.C. section 1447(c), subject to receipt of evidence establishing the amount of reasonable attorneys' fees and costs that were incurred as a result of the removal of this action. See Gens v. Ferrell, No. C 05-2183 MHP, 2005 WL 1865443 (N.D. Cal. Aug. 4, 2005) (Patel, J.). Now before the court are plaintiff's supplemental memorandum in support of the motion for attorneys' fees and defendant's opposition. Having considered the parties' arguments and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND[1]

This action was improperly removed to the district court by defendant. Plaintiff moved to remand, and this court granted that motion. See Gens, No. C 05-2183 MHP, 2005 WL 1865443. Plaintiff also moved under 28 U.S.C. section 1447(c) for an award of attorneys' fees in connection with the motion to remand. As of June 16, 2005, the date plaintiff filed the motion, plaintiff

1    requested $11,452.50, but "reserve[d] the right to amend this request should a reply brief prove

2    necessary or should the costs incurred differ substantially from those set forth herein."  Declaration

3    of Allonn Levy in Support of Motion to Remand and Motion for Attorneys' Fees ("Levy Dec. No.

4    1") ¶ 28.  Plaintiff subsequently submitted a reply brief, in which he renewed the request for

5    $11,452.50 in fees and costs, again noting that this amount did not include the costs incurred in

6    preparing the reply.  See Pl.'s Reply at 2.

7          On August 4, 2005, this court determined an award of attorneys' fees under 28 U.S.C. section

8    1447(c) was appropriate, but postponed the determination of the appropriate award amount pending

9    submission of affidavits detailing the fees and costs attributable to the removal of the action and

10   evidence supporting the reasonableness of plaintiff's attorneys' hourly billing rates.  See Gens, No.

11   C 05-2183 MHP, 2005 WL 1865443.

12         Pursuant to the briefing schedule established by the court, plaintiff on August 17, 2005 filed a

13   supplemental memorandum to the earlier motion for attorneys' fees and a supplemental declaration

14   of attorney Levy in support of the motion.  Plaintiff at this time increased the amount of the request

15   from $11,452.50 to $56,822.00.  See Pl.'s Supp. Memo at 1; see also Supplemental Declaration of

16   Allonn Levy in Support of Motion for Attorneys' Fees ("Levy Dec. No. 2").  In support of this

17   proposal, plaintiff has also submitted supplemental declarations, redacted billing statements, and, at

18   the request of the court, unredacted contemporaneous time records for in camera review.  Defendant

19   has objected to plaintiff's increased request, arguing that plaintiff had represented that the award

20   sought was $11,452.50 plus costs incurred for the reply and subsequent work, and that the request for

21   $56,822.00 is excessive, unreasonable, and not supported by evidence.  See Def.'s Memo in Opp. at

22   1, 3–7.

23

24   LEGAL STANDARD

25         Upon granting a motion to remand, a district court may in its discretion "require payment of

26   just costs and any actual expenses, including attorney[s'] fees, incurred as a result of the removal."

27   28 U.S.C. § 1447(c).  The district court's jurisdiction to entertain plaintiff's motion for attorneys'

28

1    fees is retained after the remand. <u>Moore v. Permanente Med. Group, Inc.</u>, 981 F.2d 443, 445 (9th

2    Cir. 1992). In considering the plaintiff's motion, the court has wide discretion to award attorneys'

3    fees for costs incurred as a result of the improper removal. <u>In re DeVille</u>, 361 F.3d 539, 546 (9th Cir.

4    2004); <u>Gotro v. R & B Realty Group</u>, 69 F.3d 1485, 1487 (9th Cir. 1995).

5

6    <u>DISCUSSION</u>

7         This court granted plaintiff's motion for reasonable attorneys' fees and costs on the condition

8    that the amount to be awarded would be determined upon receipt of evidence establishing the fees

9    and costs that were incurred as a result of the removal of this action. Plaintiff originally requested

10   $11,452.50 in fees and costs, an amount "estimated" by plaintiff based on the efforts of attorneys

11   Levy and Yob associated with the motion to remand and motion for sanctions. <u>See</u> Levy Dec. No. 1

12   ¶ 28. The issue now before the court is whether the much larger amount now requested by

13   plaintiff—$56,822.00—is supported by evidence that establishes its reasonableness.

14        In this circuit, reasonable attorneys' fees are determined by first calculating the "lodestar."

15   <u>Jordan v. Multnomah County</u>, 815 F. 2d 1258, 1262 (9th Cir. 1987) (citing <u>Hensley v. Eckerhart</u>, 461

16   U.S. 424, 433 (1983)). The lodestar is found "by multiplying the number of hours reasonably

17   expended on litigation by a reasonable hourly rate." <u>Chalmers v. City of Los Angeles</u>, 796 F.2d

18   1205, 1210 (9th Cir. 1986), <u>reh'g denied</u>, <u>amended on other grounds</u>, 808 F.2d 1373 (9th Cir. 1987).

19   There is a strong presumption that the lodestar figure represents a reasonable fee. <u>Jordan</u>, 815 F.2d

20   at 1262. Accordingly, the court turns first to the question of reasonable hourly rates, and second to

21   the question of the number of hours reasonably expended on the motions to remand and for

22   attorneys' fees.

23

24   I.    <u>Reasonable Hourly Rates</u>

25        Plaintiff has requested payment for work done by attorneys Klein, Levy, and Yob, at the

26   respective hourly rates of $410, $285, and $225. Pl.'s Supp. Memo at 3. To determine whether

27   these hourly rates are reasonable, the court considers the rate prevailing in the community for similar

28

3

work performed by attorneys of comparable skill, experience, and reputation. <u>Blum v. Stenson</u>, 465

U.S. 886, 895–96 &  n.11 (1984).  To demonstrate hourly rates in the local legal community,

plaintiff cites a recent decision from this district observing that "[t]his [d]istrict has consistently set

hourly rates in the range of $300 to $450 for attorneys that bring added value to the representation of

their clients." <u>Cancio v. Financial Credit Network, Inc.</u>, No. C 04-3755 TEH, 2005 WL 1629809, *2

(N.D. Cal. July 6, 2005) (Henderson, J.) (citations omitted).[2]  This district has also recently set an

hourly rate for a second year associate at $225.  <u>See</u> <u>Lopez v. San Francisco Unified School Dist.</u>,

385 F. Supp. 2d 981, 990 (N.D. Cal. 2005) (Illston, J.).

Plaintiff has submitted evidence that Mr. Klein is a shareholder in the law firm of Hopkins &

Carley with twenty years of litigation experience and an hourly rate of $410; Mr. Levy is an associate

with the firm with nine years of experience and an hourly rate of $285; and Ms. Yob, a second year

associate, has an hourly rate of $225.  Pl.'s Supp. Memo at 3.  Defendant has not objected to the

hourly rates themselves as unreasonable, but rather has objected to the overall request as excessive.

<u>C.f.</u> Def.'s Opp. at 3.  In light of hourly rates recently approved in this district, the experience of

plaintiff's attorneys, and the absence of an objection to the hourly rates by defendant, this court finds

that hourly rates of $410 for Mr. Klein, $285 for Mr. Levy, and $225 for Ms. Yob, are reasonable.


II.   <u>Reasonable Number of Hours</u>

"The fee applicant bears the burden of documenting the appropriate hours expended in the

litigation and must submit evidence in support of those hours worked." <u>Gates v. Deukmejian</u>, 987

F.2d 1392, 1397 (9th Cir. 1992) (citing <u>Hensley</u>, 461 U.S. at 437).  The court may adjust these hours

downward if it finds the documentation to be inadequate, or the hours to be duplicative, excessive or

unnecessary.  <u>Chalmers</u>, 796 F.2d at 1210.

Plaintiff originally requested payment of $11,452.50 for 47.3 hours of work done by attorneys

Levy and Yob.  Plaintiff now requests payment of $56,300 for 201.40 hours of work done by

attorneys Klein, Levy and Yob.[3]  <u>See</u> Levy Dec. No. 2 ¶¶ 10, 12, 14, 16.  According to plaintiff, the

tasks associated with the motions to remand and for attorneys' fees fall into five sub-categories: 1)

4

1    pre-motion research work; 2) drafting of motions work; 3) additional work caused by removal;

2    4) opposition and reply papers; and, 5) hearing on motions and supplemental filings.  See Levy Dec.

3    No. 2.  In order to avoid discussing unnecessary details from the confidential time records, the court

4    will structure its analysis based on these sub-categories, combining the first two because they are so

5    closely related.

6

7            A.     Pre-Motion Research and Drafting of Motions Work

8            Plaintiff's original request for $11,452.50 in fees and costs was based on work done in

9    preparing the motions to remand and for attorneys' fees, which were filed on June 16, 2005.  See

10    Levy Dec. No. 1 ¶ 28.  Now, instead of 47.3 hours of work for $11,452.50, plaintiff claims 106.4

11    hours of work associated with pre-motion research and motion drafting for $28,027.50, more than

12    doubling the original request for this portion of the work alone.  See Levy Dec. No. 2 ¶¶ 10, 12.

13    Plaintiff additionally requests $217.50 for 1.5 hours of paralegal work.  See id. at ¶ 12.  Although

14    Mr. Levy's June 16, 2005 declaration "reserved the right" to amend the amount of plaintiff's request

15    "should a reply brief prove necessary or should the costs incurred differ substantially," on July 18,

16    2005 plaintiff renewed its request for $11,452.50 noting only that "[plaintiff] has not added the costs

17    incurred in preparing the Reply."  See Levy Dec. No. 1 ¶ 28; Pl.'s Reply at 2, n. 1.  The court finds

18    the increase to $28,027.50 for pre-motion research and motion drafting to be unreasonable.  Not only

19    were plaintiff's contemporaneous time records available to aid plaintiff in calculating a request when

20    the June 16 motion and July 18 reply were filed, but billing statements dated June 10 and July 6

21    which included work done from the date defendant removed this action to federal court, May 27,

22    2005, to the date plaintiff filed its motions, June 16, 2005, were presumably also available.  See Levy

23    Dec. No. 3, Exh. A.  The amount currently requested by plaintiff is therefore excessive and

24    represents an unreasonable departure from the original amount.  The court accordingly limits the

25    award for the sub-categories of pre-motion research and drafting of motions to the amount originally

26    requested, $11,452.50.

27

28

B.     Additional Work Caused by Removal

_____Plaintiff requests $9,230 for 26.7 hours of attorney time associated with "additional work caused by removal," separate from the work associated directly with the motions to remand and for attorneys' fees.  See Levy Dec. No. 2 ¶¶ 13–14.  Plaintiff also requests $304.50 for 2.1 hours of paralegal time.  See id.  The "additional work caused by removal" is described in 26 lines of text in Mr. Levy's second declaration and includes, but is not limited to, "related scheduling matters," "review of deposition schedule," "review of motion to 'consider' consolidation after removal," and "drafting opposition and objection to motion to consider."  Id. at ¶ 13.  Although under 28 U.S.C. section 1447(c) fees incurred "as a result of the [improper] removal" are properly included in an award of attorneys' fees, the court finds the amount requested for "additional work" to be excessive. Furthermore, neither the redacted billing statements nor the contemporaneous time records assist the court in determining how much time may have been expended by an attorney on a given "additional" task.  For example, Ms. Yob's time records include entries for more than eight hours with over ten discrete tasks within that timeframe.  While the time record reflects that Ms. Yob was engaged in work related to plaintiff's case, it is not possible to determine whether ten minutes, one hour, or more, was spent on "additional work caused by the removal," or, in contrast, how much time was spent on tasks that would have been undertaken anyway for the underlying action.  For these reasons, and because plaintiff's request as a whole is orders of magnitude greater than when it was first made, the court will not award attorneys' fees for matters under the "additional work caused by removal" sub-category.

C.     Opposition and Reply Papers

_____Plaintiff requests $12,893.50 for 45.2 hours of attorney time associated with the "opposition and reply papers."  See Levy Dec. No. 2 ¶¶ 15–16.  Plaintiff states that work in this sub-category was conducted between June 23 and July 29, 2005; however, plaintiff's papers were filed in this court on July 18 2005.  See id.; see also Pl.'s Reply to Opp.  Plaintiff's request thus includes a 10-day period after the papers themselves were filed, which appears unreasonable.  Plaintiff's declarations and

6

1    redacted billing statements, reviewed in conjunction with the contemporaneous time records, reflect

2    work by attorney Levy on July 19 and by attorney Yob on July 26 that appears to fall under the

3    activities described as associated with the opposition and reply papers. See Levy Dec. No. 4, Exh. A

4    at 34–35; Levy Dec. No. 2 ¶ 15.  The court subtracts these 2.80 hours valued at $780, leaving a

5    request of $12,113.50 for 42.4 hours of attorney time associated with the opposition and reply

6    papers.

7        The court has already determined that an award of $11,452.50 is appropriate for 47.3 hours of

8    work associated with the motions to remand and for attorneys' fees.  See § II.A., supra.  The motions

9    to remand and for attorneys' fees contain fifteen pages of content, are accompanied by a seven-page

10   declaration, and raise plaintiff's arguments for the first time.  In comparison, the reply papers contain

11   eleven pages of content, rebut defendant's arguments and restate plaintiff's arguments.  The court

12   finds that the record does not support a greater award for work associated with the opposition and

13   reply papers than for the original motions, and accordingly will reduce this portion of plaintiff's

14   request by one-half, limiting the award for work associated with the opposition and reply papers to

15   $6,056.75.

16

17        D.    Hearing on Motions and Supplemental Filing

18       Finally, plaintiff requests $6,671 for 23.1 hours of time associated with the "hearing on

19   motions and supplemental filings" See Levy Dec. No. 2 ¶¶ 17–18.  Plaintiff states that attorneys

20   Klein and Levy prepared for and attended oral argument on August 1, 2005, and engaged in tasks to

21   respond to the court's August 3, 2005 order awarding fees and requesting additional briefing.  See id.

22   ¶ 17.  The court finds that 23.1 hours is a reasonable amount of time within which to complete this

23   work, and accordingly awards plaintiff $6,671 for the hearing on motions and supplemental filing

24   category.

25       In summary, based on this court's assessment of the reasonable hourly rates of plaintiff's

26   attorneys and the number of hours reasonably expended as a result of the removal of this action, the

27   court determines plaintiff should be awarded $24,180.25.  See Chalmers, 796 F.2d at 1210.

28

1

2    CONCLUSION

3         For the reasons stated above, the court GRANTS plaintiff's motion for attorneys' fees and

4    costs of suit in the amount of $24,180.25.  Defendant shall pay plaintiff $24,180.25 within thirty

5    days of the date of this Order.

6

7

8         IT IS SO ORDERED._____

9

10

11   Dated: Dec. 21, 2005_____

                                            _____
12                                          MARILYN HALL PATEL
                                            District Judge
13                                          United States District Court
                                            Northern District of California

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    8

## ENDNOTES

1. The court provided a complete history of this action in its August 4, 2005 memorandum and order.  See Gens, No. C 05-2183 MHP, 2005 WL 1865443.  The background provided here focuses on post-August 4, 2005 activity.

2.  It is also true, however, that other judges within this district have determined, based on an analysis of statistical data, that the average hourly rate for all attorneys practicing in San Francisco is $190.  Yahoo! Inc. v. Net Games, Inc., 329 F. Supp. 2d 1179, 1189 (N.D. Cal. 2004) (Walker, C.J.); accord Navarro v. General Nutrition Corp., No. C 03-0603 SBA, 2005 WL 2333803 at *9 (N.D. Cal. Sept. 22, 2005) (Armstrong, J.).  In the presence of specific information about the experience of the attorneys in this case, which is above average, the court declines to apply the Yahoo! average hourly rate.

3.  Plaintiff has also requested payment for 3.6 hours of paralegal work at the "blended rate" of $145 per hour, for a total of $522.  Sections II.A. and II.B. of the instant Memorandum and Order address plaintiff's request for repayment for paralegal work.

9