1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                            NORTHERN DISTRICT OF CALIFORNIA

9

10   TIMOTHY GENS,

                 Plaintiff,                                     No. C 05-2183 MHP
11

12         v.                                                   **MEMORANDUM & ORDER**
                                                                **Re: Attorneys' Fees**
13   GARY FERRELL and DOES 1-50, inclusive,

14               Defendants.
                                                        /

15

16         On August 4, 2005 this court granted plaintiff's motion to remand this action to state court.  In

17   addition, this court granted plaintiff's motion for attorneys' fees and costs of suit pursuant to 28 U.S.C.

18   section 1447(c), subject to receipt of evidence establishing the amount of reasonable attorneys' fees and

19   costs that were incurred as a result of the removal of this action.  See Gens v. Ferrell, No. C 05-2183

20   MHP, 2005 WL 1865443 (N.D. Cal. Aug. 4, 2005) (Patel, J.).  Now before the court are plaintiff's

21   supplemental memorandum in support of the motion for attorneys' fees and defendant's opposition.  Having

22   considered the parties' arguments and for the reasons stated below, the court enters the following

23   memorandum and order.

24   BACKGROUND[1]

25         This action was improperly removed to the district court by defendant.  Plaintiff moved to remand,

26   and this court granted that motion.  See Gens, No. C 05-2183 MHP, 2005 WL 1865443.  Plaintiff also

27   moved under 28 U.S.C. section 1447(c) for an award of attorneys' fees in connection with the motion to

28   remand.  As of June 16, 2005, the date plaintiff filed the motion, plaintiff requested $11,452.50, but

UNITED STATES DISTRICT COURT
For the Northern District of California

1    "reserve[d] the right to amend this request should a reply brief prove necessary or should the costs incurred

2    differ substantially from those set forth herein."  Declaration of Allonn Levy in Support of Motion to

3    Remand and Motion for Attorneys' Fees ("Levy Dec. No. 1") ¶ 28.  Plaintiff subsequently submitted a

4    reply brief, in which he renewed the request for $11,452.50 in fees and costs, again noting that this amount

5    did not include the costs incurred in preparing the reply.  See Pl.'s Reply at 2.

6          On August 4, 2005, this court determined an award of attorneys' fees under 28 U.S.C. section

7    1447(c) was appropriate, but postponed the determination of the appropriate award amount pending

8    submission of affidavits detailing the fees and costs attributable to the removal of the action and evidence

9    supporting the reasonableness of plaintiff's attorneys' hourly billing rates.  See Gens, No. C 05-2183

10   MHP, 2005 WL 1865443.

11         Pursuant to the briefing schedule established by the court, plaintiff on August 17, 2005 filed a

12   supplemental memorandum to the earlier motion for attorneys' fees and a supplemental declaration of

13   attorney Levy in support of the motion.  Plaintiff at this time increased the amount of the request from

14   $11,452.50 to $56,822.00.  See Pl.'s Supp. Memo at 1; see also Supplemental Declaration of Allonn

15   Levy in Support of Motion for Attorneys' Fees ("Levy Dec. No. 2").  In support of this proposal, plaintiff

16   has also submitted supplemental declarations, redacted billing statements, and, at the request of the court,

17   unredacted contemporaneous time records for *in camera* review.  Defendant has objected to plaintiff's

18   increased request, arguing that plaintiff had represented that the award sought was $11,452.50 plus costs

19   incurred for the reply and subsequent work, and that the request for $56,822.00 is excessive,

20   unreasonable, and not supported by evidence.  See Def.'s Memo in Opp. at 1, 3–7.

21

22   LEGAL STANDARD

23         Upon granting a motion to remand, a district court may in its discretion "require payment of just

24   costs and any actual expenses, including attorney[s'] fees, incurred as a result of the removal."  28 U.S.C.

25   § 1447(c).  The district court's jurisdiction to entertain plaintiff's motion for attorneys' fees is retained after

26   the remand.  Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992).  In considering

27   the plaintiff's motion, the court has wide discretion to award attorneys' fees for costs incurred as a result of

28

UNITED STATES DISTRICT COURT
For the Northern District of California

1  the improper removal.  In re DeVille, 361 F.3d 539, 546 (9th Cir. 2004); Gotro v. R & B Realty Group,

2  69 F.3d 1485, 1487 (9th Cir. 1995).

3

4  DISCUSSION

5        This court granted plaintiff's motion for reasonable attorneys' fees and costs on the condition that

6  the amount to be awarded would be determined upon receipt of evidence establishing the fees and costs

7  that were incurred as a result of the removal of this action.  Plaintiff originally requested $11,452.50 in fees

8  and costs, an amount "estimated" by plaintiff based on the efforts of attorneys Levy and Yob associated

9  with the motion to remand and motion for sanctions.  See Levy Dec. No. 1 ¶ 28.  The issue now before the

10  court is whether the much larger amount now requested by plaintiff—$56,822.00—is supported by

11  evidence that establishes its reasonableness.

12        In this Circuit, reasonable attorneys' fees are determined by first calculating the "lodestar."  Jordan

13  v. Multnomah County, 815 F. 2d 1258, 1262 (9th Cir. 1987) (citing Hensley v. Eckerhart, 461 U.S. 424,

14  433 (1983)).  The lodestar is found "by multiplying the number of hours reasonably expended on litigation

15  by a reasonable hourly rate."  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986),

16  reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987).  There is a strong presumption

17  that the lodestar figure represents a reasonable fee.  Jordan, 815 F.2d at 1262.  Accordingly, the court

18  turns first to the question of  reasonable hourly rates, and second to the question of the number of hours

19  reasonably expended on the motions to remand and for attorneys' fees.

20

21  I.     Reasonable Hourly Rates

22        Plaintiff has requested payment for work done by attorneys Klein, Levy, and Yob, at the respective

23  hourly rates of $410, $285, and $225.  Pl.'s Supp. Memo at 3.  To determine whether these hourly rates

24  are reasonable, the court considers the rate prevailing in the community for similar work performed by

25  attorneys of comparable skill, experience, and reputation.  Blum v. Stenson, 465 U.S. 886, 895–96 &

26  n.11 (1984).  To demonstrate hourly rates in the local legal community, plaintiff cites a recent decision from

27  this district observing that "[t]his [d]istrict has consistently set hourly rates in the range of $300 to $450 for

28

UNITED STATES DISTRICT COURT
For the Northern District of California

3

1    attorneys that bring added value to the representation of their clients." <u>Cancio v. Financial Credit Network,</u>

2    <u>Inc.</u>, No. C 04-3755 TEH, 2005 WL 1629809, *2 (N.D. Cal. July 6, 2005) (Henderson, J.) (citations

3    omitted).[2]  This district has also recently set an hourly rate for a second year associate at $225.  <u>See</u> <u>Lopez</u>

4    <u>v. San Francisco Unified School Dist.</u>, 385 F. Supp. 2d 981, 990 (N.D. Cal. 2005) (Illston, J.).

5            Plaintiff has submitted evidence that Mr. Klein is a shareholder in the law firm of Hopkins & Carley

6    with twenty years of litigation experience and an hourly rate of $410; Mr. Levy is an associate with the firm

7    with nine years of experience and an hourly rate of $285; and Ms. Yob, a second year associate, has an

8    hourly rate of $225.  Pl.'s Supp. Memo at 3.  Defendant has not objected to the hourly rates themselves as

9    unreasonable, but rather has objected to the overall request as excessive.  <u>C.f.</u> Def.'s Opp. at 3.  In light of

10   hourly rates recently approved in this district, the experience of plaintiff's attorneys, and the absence of an

11   objection to the hourly rates by defendant, this court finds that hourly rates of $410 for Mr. Klein, $285 for

12   Mr. Levy, and $225 for Ms. Yob, are reasonable.

13

14   II.      <u>Reasonable Number of Hours</u>

15           "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation

16   and must submit evidence in support of those hours worked."  <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1397

17   (9th Cir. 1992) (citing <u>Hensley</u>, 461 U.S. at 437).  The court may adjust these hours downward if it finds

18   the documentation to be inadequate, or the hours to be duplicative, excessive or unnecessary.  <u>Chalmers</u>,

19   796 F.2d at 1210.

20           Plaintiff originally requested payment of $11,452.50 for 47.3 hours of work done by attorneys

21   Levy and Yob.  Plaintiff now requests payment of $56,300 for 201.40 hours of work done by attorneys

22   Klein, Levy and Yob.[3]  <u>See</u> Levy Dec. No. 2 ¶¶ 10, 12, 14, 16.  According to plaintiff, the tasks

23   associated with the motions to remand and for attorneys' fees fall into five sub-categories: 1) pre-motion

24   research work; 2) drafting of motions work; 3) additional work caused by removal; 4) opposition and reply

25   papers; and, 5) hearing on motions and supplemental filings.  <u>See</u> Levy Dec. No. 2.  In order to avoid

26   discussing unnecessary details from the confidential time records, the court will structure its analysis based

27   on these sub-categories, combining the first two because they are so closely related.

28

UNITED STATES DISTRICT COURT
For the Northern District of California

4

1

2              A.      Pre-Motion Research and Drafting of Motions Work

3              Plaintiff's original request for $11,452.50 in fees and costs was based on work done in preparing

4    the motions to remand and for attorneys' fees, which were filed on June 16, 2005. <u>See</u> Levy Dec. No. 1 ¶

5    28.  Now, instead of 47.3 hours of work for $11,452.50, plaintiff claims 106.4 hours of work associated

6    with pre-motion research and motion drafting for $28,027.50, more than doubling the original request for

7    this portion of the work alone. <u>See</u> Levy Dec. No. 2 ¶¶ 10, 12.  Plaintiff additionally requests $217.50 for

8    1.5 hours of paralegal work. <u>See</u> <u>id.</u> at ¶ 12.  Although Mr. Levy's June 16, 2005 declaration "reserved

9    the right" to amend the amount of plaintiff's request "should a reply brief prove necessary or should the

10   costs incurred differ substantially," on July 18, 2005 plaintiff renewed its request for $11,452.50 noting only

11   that "[plaintiff] has not added the costs incurred in preparing the Reply." <u>See</u> Levy Dec. No. 1 ¶ 28; Pl.'s

12   Reply at 2, n. 1.  The court finds the increase to $28,027.50 for pre-motion research and motion drafting to

13   be unreasonable.  Not only were plaintiff's contemporaneous time records available to aid plaintiff in

14   calculating a request when the June 16 motion and July 18 reply were filed, but billing statements dated

15   June 10 and July 6 which included work done from the date defendant removed this action to federal court,

16   May 27, 2005, to the date plaintiff filed its motions, June 16, 2005, were presumably also available. <u>See</u>

17   Levy Dec. No. 3, Exh. A.  The amount currently requested by plaintiff is therefore excessive and represents

18   an unreasonable departure from the original amount.  The court accordingly limits the award for the sub-

19   categories of pre-motion research and drafting of motions to the amount originally requested, $11,452.50.

20

21             B.      Additional Work Caused by Removal

22             Plaintiff requests $9,230 for 26.7 hours of attorney time associated with "additional work caused

23   by removal," separate from the work associated directly with the motions to remand and for attorneys'

24   fees. <u>See</u> Levy Dec. No. 2 ¶¶ 13–14.  Plaintiff also requests $304.50 for 2.1 hours of paralegal time. <u>See</u>

25   <u>id.</u>  The "additional work caused by removal" is described in 26 lines of text in Mr. Levy's second

26   declaration and includes, but is not limited to, "related scheduling matters," "review of deposition schedule,"

27   "review of motion to 'consider' consolidation after removal," and "drafting opposition and objection to

28

                                                      5

1    motion to consider." Id. at ¶ 13. Although under 28 U.S.C. section 1447(c) fees incurred "as a result of

2    the [improper] removal" are properly included in an award of attorneys' fees, the court finds the amount

3    requested for "additional work" to be excessive and not directly related to the motion giving rise to an

4    award of fees. Furthermore, neither the redacted billing statements nor the contemporaneous time records

5    assist the court in determining how much time may have been expended by an attorney on a given

6    "additional" task. For example, Ms. Yob's time records include entries for more than eight hours with over

7    ten discrete tasks within that timeframe. While the time record reflects that Ms. Yob was engaged in work

8    related to plaintiff's case, it is not possible to determine whether ten minutes, one hour, or more, was spent

9    on "additional work caused by the removal," or, in contrast, how much time was spent on tasks that would

10   have been undertaken anyway for the underlying action. For these reasons, and because plaintiff's request

11   as a whole is in orders of magnitude greater than when it was first made, the court will not award attorneys'

12   fees for matters under the "additional work caused by removal" sub-category.[4]

13

14          C.      Opposition and Reply Papers

15          Plaintiff requests $12,893.50 for 45.2 hours of attorney time associated with the "opposition and

16   reply papers." See Levy Dec. No. 2 ¶¶ 15–16. Plaintiff states that work in this sub-category was

17   conducted between June 23 and July 29, 2005; however, plaintiff's papers were filed in this court on July

18   18 2005. See id.; see also Pl.'s Reply to Opp. Plaintiff's request thus includes a 10-day period after the

19   papers themselves were filed, which appears unreasonable. Plaintiff's declarations and redacted billing

20   statements, reviewed in conjunction with the contemporaneous time records, reflect work by attorney Levy

21   on July 19 and by attorney Yob on July 26 that appears to fall under the activities described as associated

22   with the opposition and reply papers. See Levy Dec. No. 4, Exh. A at 34–35; Levy Dec. No. 2 ¶ 15.

23   The court subtracts these 2.80 hours valued at $780, leaving a request of $12,113.50 for 42.4 hours of

24   attorney time associated with the opposition and reply papers.

25          The court has already determined that an award of $11,452.50 is appropriate for 47.3 hours of

26   work associated with the motions to remand and for attorneys' fees. See § II.A., supra. The motions to

27   remand and for attorneys' fees contain fifteen pages of content, are accompanied by a seven-page

28

UNITED STATES DISTRICT COURT
For the Northern District of California

6

1   declaration, and raise plaintiff's arguments for the first time.  In comparison, the reply papers contain eleven

2   pages of content, rebut defendant's arguments and restate plaintiff's arguments.  The court finds that the

3   record does not support a greater award for work associated with the opposition and reply papers than for

4   the original motions, and accordingly will reduce this portion of plaintiff's request by one-half, limiting the

5   award for work associated with the opposition and reply papers to $6,056.75.

6

7            D.        Hearing on Motions and Supplemental Filing

8            Finally, plaintiff requests $6,671 for 23.1 hours of time associated with the "hearing on motions and

9   supplemental filings"  See Levy Dec. No. 2 ¶¶ 17–18.  Plaintiff states that attorneys Klein and Levy

10  prepared for and attended oral argument on August 1, 2005, and engaged in tasks to respond to the

11  court's August 3, 2005 order awarding fees and requesting additional briefing.  See id. ¶ 17.  The court

12  finds that 23.1 hours is a reasonable amount of time within which to complete this work, and accordingly

13  awards plaintiff $6,671 for the hearing on motions and supplemental filing category.

14           In summary, based on this court's assessment of the reasonable hourly rates of plaintiff's attorneys

15  and the number of hours reasonably expended as a result of the removal of this action, the court determines

16  plaintiff should be awarded $24,180.25.  See Chalmers, 796 F.2d at 1210.

17

18  CONCLUSION

19           The court concludes after reviewing all of the submissions that it should not take three lawyers as

20  much time as plaintiff claims to prepare and present a motion for remand, particularly when the senior

21  lawyer has as much experience as presented here.  Also, after the court indicated that attorneys' fees would

22  be granted, plaintiff's fees ballooned to nearly five times the amount originally sought.  The court reduces

23  the fees of $24,180.25 by 25% for overreaching.  Consequently,  the court GRANTS plaintiff's motion for

24  attorneys' fees and costs of suit in the amount of $18,135.25.  Defendant shall pay plaintiff $18,135.25

25  within thirty days of the date of this Order.

26

27

28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

7

1        IT IS SO ORDERED.

2

3

4    Dated:  December 22, 2005

5                                                              MARILYN HALL PATEL
                                                              District Judge
6                                                             United States District Court
                                                              Northern District of California

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California

8

**ENDNOTES**

1. The court provided a complete history of this action in its August 4, 2005 memorandum and order. See Gens, No. C 05-2183 MHP, 2005 WL 1865443. The background provided here focuses on post-August 4, 2005 activity.

2. It is also true, however, that other judges within this district have determined, based on an analysis of statistical data, that the average hourly rate for all attorneys practicing in San Francisco is $190. Yahoo! Inc. v. Net Games, Inc., 329 F. Supp. 2d 1179, 1189 (N.D. Cal. 2004) (Walker, C.J.); accord Navarro v. General Nutrition Corp., No. C 03-0603 SBA, 2005 WL 2333803 at *9 (N.D. Cal. Sept. 22, 2005) (Armstrong, J.). In the presence of specific information about the experience of the attorneys in this case, which is above average, the court declines to apply the Yahoo! average hourly rate.

3. Plaintiff has also requested payment for 3.6 hours of paralegal work at the "blended rate" of $145 per hour, for a total of $522. Sections II.A. and II.B. of the instant Memorandum and Order address plaintiff's request for repayment for paralegal work.

4. The court notes that use of the term "attention" in many of the entries is totally unhelpful. It is not clear what "attention" to particular documents or issues means. Does it involve reading, studying, working on, drafting or merely giving a cursory glance?